# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:06-CR-119 |
|---|---|---|
| v. | : | (Chief Judge Conner) |
| **BRANDON WRIGHT,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Defendant Brandon Wright ("Wright") moves the court for a sentence reduction under Section 404 of the First Step Act of 2018, § 404, Pub. L. No. 115-391, 132 Stat. 5194, 5222. Wright contends that he is eligible for relief under the First Step Act and asks the court to order his immediate release from imprisonment. The government maintains that Wright is neither eligible nor an appropriate candidate for a First Step Act sentence reduction.

### I. Factual Background and Procedural History

A federal grand jury returned an indictment on March 29, 2006, charging Wright and others with various conspiracy and drug-trafficking offenses. (Doc. 1). The grand jury returned a superseding indictment on September 28, 2006, adding several new charges against Wright. (See Doc. 194). Three days before trial was set to begin, the government filed a felony information under 21 U.S.C. § 851(a)(1), subjecting Wright to an enhanced statutory minimum and maximum penalty as a result of a prior felony drug-trafficking conviction. (Doc. 245).

Trial began with jury selection on December 4, 2006. Shortly after the jury was empaneled, Wright entered a guilty plea to two counts of the superseding

indictment.  (See Doc. 252).  Those two counts charged Wright with conspiring to distribute and possess with intent to distribute 50 grams and more of a mixture or substance containing cocaine base, or "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846 (Count I), and criminal forfeiture under 21 U.S.C. § 853(p) (Count V).  (Doc. 194).

The presentence report calculated a drug weight of 6.35 kilograms of cocaine base.  (PSR ¶ 21).  Wright initially objected to the report's drug-weight calculation but withdrew the objection based on the parties' agreement at sentencing that the drug weight "is in excess of 1.5 kilograms of crack cocaine."  (Doc. 379 at 3:7-17). The court also sustained a defense objection to application of a two-level firearm enhancement.  (Id. at 3:18-4:3).  The findings and Guidelines calculations of the presentence report, as modified by the court's rulings, established a range of 360 months' to life imprisonment.  (Id. at 6:4-9).  The court then departed by four levels, on the government's motion, to establish an advisory Guidelines range of 262 to 327 months' imprisonment.  (Id. at 8:12-10:7).  After considering the applicable Section 3553(a) factors, the court imposed a sentence of 262 months' imprisonment, five years of supervised release, a fine of $1,500, and community restitution of $1,500. (Doc. 319).

Wright has since received two sentence reductions pursuant to 18 U.S.C. § 3582(c) based on retroactive application of certain amendments to the Sentencing Guidelines.  Specifically, on July 10, 2008, the court reduced Wright's sentence from 262 months to 236 months pursuant to Amendment 706 to the Guidelines.  (Doc. 343).  On January 27, 2012, the court again reduced Wright's sentence, from 236

2

months to 213 months, pursuant to Amendment 750 to the Guidelines. (Doc. 364). On May 6, 2015, the court denied Wright's third Section 3582(c) motion, this time invoking Amendment 782 to the Guidelines, finding that Wright was resentenced as a career offender in 2012 and was thus ineligible for an Amendment 782 reduction. (Doc. 375).

Wright now moves the court for a sentence reduction pursuant to Section 404 of the First Step Act. The motion is fully briefed and ripe for disposition.

## II. Discussion

The First Step Act of 2018 is a sweeping piece of reformative criminal justice legislation. Relevant here, the First Step Act authorizes federal district courts to impose a reduced sentence for covered crack cocaine offenses where the statutory penalties of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, §§ 2-3, would have applied had that Act been in effect when the covered offense was committed. See First Step Act § 404(b), 132 Stat. at 5222. The First Step Act defines a "covered offense" as "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 . . . of the Fair Sentencing Act . . . , that was committed before August 3, 2010." Id. § 404(a). Section 2 of the Fair Sentencing Act, in turn, increased the quantity of crack cocaine required to trigger mandatory minimum penalties under 21 U.S.C. § 841(b)(1)(A)(iii) from 50 to 280 grams and under 21 U.S.C. § 841(b)(1)(B)(iii) from 5 to 28 grams. See Fair Sentencing Act § 2(a). The government disputes both Wright's eligibility for and the propriety of a First Step Act reduction in this case.

3

### A. Eligibility

The government contends that Wright is ineligible for a sentence reduction because he admitted to distributing a quantity of crack cocaine in excess of the new 280-gram threshold under 21 U.S.C. § 841(b)(1)(A)(iii). (See Doc. 405 at 5-6). The government acknowledges that the charging document and plea agreement speak only to 50 grams and more of crack cocaine. (See id. at 6). But it emphasizes that Wright withdrew his objection to the presentence report's drug-weight calculation and admitted in his sentencing memorandum to responsibility for more than 1.5 kilograms of crack cocaine. (Id. at 5-6). This, the government posits, would support a sentence under Section 841(b)(1)(A)(iii) even with its new 280-gram threshold, so "the penalties applicable to his crime both before and after passage of the Fair Sentencing Act are identical." (Id. at 5).

We disagree. Several courts have concluded that the First Step Act "applies to offenses and not conduct." United States v. Dodd, 372 F. Supp. 3d 795, 797 (S.D. Iowa 2019) (citing United States v. Davis, No. 07-CR-245S, 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019)); see United States v. Thompson, No. 1:05CR42, 2019 WL 4040403, at *4-7 (W.D. Pa. Aug. 27, 2019) (collecting cases); United States v. Rose, 379 F. Supp. 3d 223, 229-30 (S.D.N.Y. 2019) (same); United States v. Pierre, 372 F. Supp. 3d 17, 22 (D.R.I. 2019) (same). We join those courts to have concluded that eligibility under the First Step Act is defined by the statute of conviction, not the actual conduct supporting a conviction under that statute. This reading comports with the Act's definition of a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair

4

Sentencing Act of 2010." First Step Act § 404(a). To the extent the government asserts that the Act's use of "violation" suggests that we look to actual offense conduct, the rule of lenity supports the construction of the First Step Act that favors the defendant. See Thompson, 2019 WL 4040403, at *6 (collecting cases); Rose, 379 F. Supp. 3d at 229 (same).

A growing number of courts have also aptly noted that, if First Step Act defendants were sentenced today, the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, 570 U.S. 99 (2013), would prohibit statutory sentence enhancements based on drug-weight findings made by a judge at sentencing. See Dodd, 372 F. Supp. 3d at 797-98; Thompson, 2019 WL 4040403, at *6 (collecting cases). These courts hold—correctly, in our view—that the now-settled constitutional parameters of Apprendi and Alleyne should inform our analysis. See Dodd, 372 F. Supp. 3d at 797-98; Thompson, 2019 WL 4040403, at *6 (collecting cases). But see United States v. Willis, No. 07-205, 2019 WL 4849435, at *13-14 (E.D. Pa. Sept. 30, 2019) (concluding that Alleyne and Apprendi concern sentencing enhancements, not reductions, and do not apply to First Step Act proceedings), appeal filed, No. 19-3249 (3d Cir. Oct. 4, 2019). To hold otherwise would subject a defendant whose drug weight was judicially found by a preponderance of the evidence to punishments attainable today only on proof beyond a reasonable doubt. Not only would such a reading be deeply unjust, it would in many cases defeat the clear reformative purpose of the First Step Act.

For all of these reasons, we reject the government's position that eligibility for First Step Act relief turns on a defendant's specific offense conduct as found by a judge at sentencing. Our inquiry is only whether the defendant was "sentence[d] for a covered offense." First Step Act § 404(b). The answer here is yes. Wright pled guilty to and was sentenced for conspiracy to distribute and possess with intent to distribute 50 grams and more of crack cocaine under 21 U.S.C. § 841(b)(1)(A)(iii). (Doc. 319 at 1; see Doc. 194 at 1-2; Doc. 257 at 1-2). That drug weight, prior to the Fair Sentencing Act, carried a mandatory minimum term of 10 years' imprisonment and a maximum term of life. See 21 U.S.C. § 841(b)(1)(A)(iii) (2010), amended by Fair Sentencing Act § 2(a)(1). The Fair Sentencing Act cut the statutory sentencing exposure for Wright's offense of conviction by half: the mandatory minimum term is now 5 years' imprisonment, and the statutory maximum is 40 years. See 21 U.S.C. § 841(b)(1)(B)(iii). And Wright committed his offense before August 3, 2010. (See Doc. 194); see also First Step Act § 404(a). Thus, Wright was sentenced for a "covered offense" and is eligible for relief under the First Step Act.

**B.  Exercise of Discretion**

Whether and to what extent a sentence reduction is warranted is a separate question. Relief is not automatic. See First Step Act § 404(c). Once eligibility is determined, the decision to grant or deny a sentence reduction under the First Step Act is within the district court's discretion. See id.; see also United States v. Crews, 385 F. Supp. 3d 439, 443-44 (W.D. Pa. 2019) (collecting cases). Defense attorneys nationwide initially sparred with the government over whether a resentencing hearing is required or appropriate before a court exercises that discretion. The

6

weight of authority has developed to near-unanimous support of proceeding on the papers alone.

Nothing in the First Step Act establishes an independent resentencing mechanism for eligible defendants. Rather, 18 U.S.C. § 3582(c)(1)(B) provides that mechanism, authorizing the court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). The robust consensus among district courts to address the question is that a defendant is *not* entitled to a plenary resentencing hearing under Section 3582(c)(1)(B).[1] The majority grounds its rationale primarily in Federal Rule of Criminal Procedure 43(b)(4), which states that a defendant "need not be present . . . [when a] proceeding involves the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)." FED. R. CRIM. P. 43(b)(4).

We agree and conclude that a defendant eligible for relief under the First Step Act is not entitled to a plenary resentencing hearing. Nonetheless, we do believe that it is appropriate to hear from all parties before deciding whether to exercise our discretion and impose a reduced sentence in this case. Accordingly, we will allow the parties to supplement the record with sentencing memoranda before ruling on Wright's motion for a sentence reduction.

---

[1] See United States v. Surine, No. 4:07-CR-304, Doc. 411 at 3 nn. 9-10 (M.D. Pa. July 10, 2019) (Brann, J.) (collecting cases); Crews, 385 F. Supp. 3d at 444-45 (W.D. Pa. 2019) (same). But see United States v. Reaves, No. 1:07-CR-104, Doc. 483 (M.D. Pa. June 14, 2019) (Brann, J.) (resentencing hearing warranted when defendant's original sentencing was "merely an academic exercise" because of mandatory minimum term of life); United States v. Rhines, No. 4:01-CR-310, Doc. 355 (M.D. Pa. May 31, 2019) (Jones, J.) (same).

7

### III. Conclusion

The court will defer ruling on Wright's motion (Doc. 400) for a First Step Act sentence reduction pending preparation of an addendum to the presentence report and receipt of presentencing submissions. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: October 29, 2019